UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20202-CR-MARTINEZ

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

EDITH BALOG,                        **REPORT AND RECOMMENDATION**

       Defendant.

_____/

On or about 12/10/07, court-appointed defense counsel Kenneth H. White ("Mr. White" and/or "counsel") timely submitted a voucher (No. FLS 07 2080) with appended time sheets requesting $9,864.16 for attorney's fees pursuant to the Criminal Justice Act ("fee request"). Mr. White represented Defendant Edith Balog ("Defendant" and/or "Balog") for a little over 7 months, from his appointment on 4/27/07 to 12/7/07, from shortly after Defendant's arrest in the case, through her entry of a guilty plea and sentencing. Since counsel's fees exceed the $7,000 statutory maximum, *18 U.S.C. §3006A(d)(2) (2000 & Supp. 2005)*, the voucher was referred to the undersigned for a Report and Recommendation as to the appropriateness of the fees requested. *28 U.S.C. Sec. 636(a); Local Magistrate Judge Rules*.

The CJA at *18 U.S.C. §3006A(d)(1)* provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. *18 U.S.C. §3006A(d)(5); USA v. Griggs, 240 F.3d 974 (11th Cir. 2001)*. If the recommended fee amount exceeds the statutory maximum, however, the district court must certify that the case involves

"extended" or "complex" representation, and that the amount is necessary to provide counsel with fair compensation. *18 U.S.C. §3006A(d)(3).* If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case may be considered "complex." *Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Vol. 7, Guide to Judiciary Policies and Procedures, Sec. A, Ch. 2, Part C §2.22B(3).* If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case may be considered "extended." *Id.*

## DISCUSSION

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator reviewed the voucher for compliance with CJA guidelines and mathematical accuracy prior to the undersigned's review. The administrator reviewed the $235 billed for 2.5 in-court hours @ $92 and $94/hour. After verifying the in-court time with the Court's minutes, the administrator adjusted the amount billed to $234 to reflect the appropriate CJA hourly rate[1].

The CJA administrator reviewed the $9,578 billed for 101.9 out-of-court hours as follows: 35 hours for "Interviews and conferences"; 45 hours for "Obtaining and reviewing records"; 17.9 hours for "Legal research and brief writing"; and 4 hours for "Travel time." The administrator adjusted this amount to $9,546.60, again, to reflect the appropriate CJA hourly rates[2]. No other changes were made to the out-of-court time billed.

Counsel claimed $51.16 in "Travel Expenses" for mileage and parking fees. The administrator increased this amount to $54.32 to reflect the appropriate mileage rate (.485/mi.).

The grand total claimed, as adjusted, is now **$9,834.92.**

---

[1] The CJA hourly compensation rates changed from $92/hour to $94/hour for work performed on or after 5/20/07.

[2] 16 hrs @ $92/hour and 85.9 hours @ 94/hour.

## *Undersigned's Review and Recommendation*

In making this recommendation, the undersigned reviewed the entire voucher, the time sheets submitted, counsel's Motion for Waiver of Maximum Compensation Amount for Representation of Indigent Defendant, and the case record as it relates to counsel's representation of Defendant Balog. Mr. White also provided additional information at the Court's request, via telephone conference.

As a matter of background, on or about 3/29/07, Defendant Edith Balog was indicted as one of ten (10) defendants and charged with Health Care Fraud Conspiracy and eleven (11) counts of Health Care Fraud. The case arose from the Government's investigation of a complex Medicare fraud scheme involving ten defendants and a number of Medicare clinics and durable medical equipment companies, billing companies and investment companies in Miami-Dade County, established and/or used to defraud the federal Medicare Program. Defendant was charged with actively participating in this scheme between January 2004 and September 2005, by submitting false claims to Medicare, paying kickbacks and bribes to Medicare beneficiaries so that they would serve as patients, concealing the submission of fraudulent claims to Medicare, the receipt and transference of fraudulent proceeds and the payment of kickbacks, and/or diverting proceeds for her and her co-conspirators' personal use and benefit.

Defendant was arrested in the case on 4/3/07 and released on bond. After having had time to retain, and ultimately unable to retain private counsel, on 4/27/07, CJA counsel Kenneth White, a Miami practitioner, was appointed as Defendant's counsel of record. The discovery produced in the case was voluminous, with the Government having filed seven (7) responses to the Standing Discovery Order and produced over 11,000 documents, as well as audio/video recordings. Trial was continued at the request of defense counsel to 9/4/07. Until the end of August 2007, Defendant Balog insisted on challenging the charges brought against her at trial. Consequently, Mr. White was compelled to obtain

copies and review the discovery produced, and prepare for what the Government estimated would be a 20-day jury trial. This also required counsel's use of an investigator to help locate and interview witnesses.

As for counsel's conferences with his client, because she spoke only Spanish, he required the use of an interpreter for all of the meetings with her, which caused the interviews to be more lengthy than usual. Because his investigator on the case spoke Spanish, the investigator served in that capacity as well.

According to counsel, there were also several legal issues to deal with, including issues of general versus specific intent in Medicare/Health Care Fraud cases and issues regarding his client's role in the conspiracy for sentencing purposes. Additionally, because the Defendant had never been involved in the criminal justice system, counsel explained that he was compelled to spend extra time with her to go over "the most elementary matters," including Defendant's preparation for a jury trial and the consequences of her testifying at trial.

Ultimately, after lengthy negotiations with Government's counsel, on 8/31/07, on the eve of trial, Defendant entered into a plea agreement with the Government and pled guilty to the Conspiracy count. Sentencing was held on 12/7/07, at which Defendant was sentenced to 27 months imprisonment and 3 years of supervised release, as well as payment of a joint and several restitution order in the amount of $1,637,795.00

As for the voucher and the adjusted $9,834.92 claimed for out-of-court fees[3], I have reviewed the entries listed on the time sheets and the total time claimed for each of the task categories. In light of the case background, the number of defendants and issues involved, the voluminous discovery, the need for counsel to prepare for trial, the substantial amount of time required to resolve this matter over

---

[3] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

the course of over 7 months and the extra time required to communicate with his client who spoke only Spanish, I am satisfied that counsel documented the actual time he spent on the case. I find the time billed to be justifiable, reasonable and fair. Based upon the same, I also consider this matter to be "extended" and/or "complex," justifying compensation in excess of the $7,000 statutory maximum.

## CONCLUSION

In sum, based upon my review of the voucher, having personally reviewed the time sheets and the case record as it relates to counsel's voucher, I am **RECOMMENDING** that counsel be paid the **$9,834.92** adjusted claim, as fair compensation for his work on this case.

In accordance with 28 U.S.C. §636(b)(1)(c), the parties shall have ten (10) days from receipt of this Report and Recommendation in which to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Respectfully submitted this _30_ day of January, 2008.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

cc:  District Judge Martinez
     Kenneth H. White, Esq.
     Lucy Lara, CJA administrator